**Tracey Wilcox RHOADES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00196–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted May 16, 2002.
Decided June 14, 2002.

Kathryn B. Moon, Attorney at Law, Longview, for Appellant.

G. Kyle Freeman, County & District Attorney, Bill Saban, Assistant County Attorney, Henderson, for Appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice WILLIAM J. CORNELIUS (Assigned).

Tracey Wilcox Rhoades appeals her conviction, on her plea of guilty pursuant to a plea bargaining agreement, to possession of a controlled substance, a second degree felony. The trial court deferred an adjudication of guilt, placed Rhoades on community supervision for seven years, and required her to pay restitution of $140.00. Rhoades filed a pretrial motion to suppress evidence of the contraband on the grounds that it was the product of an illegal search. After a hearing on April 11, 2001, the trial court denied the motion. For the reasons below, we affirm the judgment of the trial court.

On appeal Rhoades brings a single point of error, in which she challenges the trial court's denial of her motion to suppress evidence. Rhoades contested the admissibility of evidence seized during a search incident to her arrest on the ground that the arrest and subsequent search were unlawful. Rhoades was initially arrested for evading arrest. During a search incident to this arrest, she was found to be in possession of a quantity of methamphetamine.

In denying Rhoades' motion to suppress, the trial court made findings of fact including:

Officer Floyd Wingo of the Gregg County, Texas, Organized Drug Enforcement (CODE) unit, received information from

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

a reliable informant that defendant would be transporting illegal methamphetamine into East Texas. The information received included a description of the vehicle she would be driving, and the license number.

Officer Wingo had received information from other sources that Defendant was involved in illegal drug activities in Gregg and Rusk Counties.

The information he received indicated that the Defendant would be arriving in the Gregg County area soon.

Officer Wingo did not have sufficient time to obtain a warrant.

The vehicle driven by Defendant was first observed ... by Officer Wanda Wilkerson.... It was as described by the confidential informant, including the license plate number.

Officer Jason Brannon ... intercepted the vehicle....

Officer Brannon attempted to stop the vehicle based on the information given to him by Officer Wingo and Officer Wilkerson.

Officer Brannon made a reasonable effort to stop the vehicle driven by the Defendant on the highway. He displayed his badge to Defendant, and asked her to stop.

Defendant slowed down in response to Brannon's hand signals, but sped off when she saw Brannon's badge.

Defendant drove a short distance to her home and pulled into the driveway.

Agent [sic] Brannon approached her and detained her awaiting the arrival of Officer Wilkerson.

Officer Wilkerson searched defendant and found what is alleged to be methamphetamine in her right shirt pocket.

The trial court also entered the following conclusions of law:

Officer Wingo had probable cause to believe that the Defendant possessed a controlled substance during the late afternoon of February 22, 2001, based on information he received from a confidential informant and other sources.

Officer Brannon's detention of Defendant was reasonable.

The search of Defendant by Officer Wilkerson was a reasonable search incident to arrest.

At a hearing on a motion to suppress evidence, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex.Crim.App.1996); *Butler v. State*, 990 S.W.2d 298, 301 (Tex.App.-Texarkana 1999, pet. ref'd). We therefore view the record and draw all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Id.* at 301. We must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case.

▪ When reviewing a trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review. We give almost total deference to the trial court's determination of the historical facts, as well as mixed questions of law and fact that turn on an evaluation of the credibility and demeanor of the witnesses. *Butler v. State*, 990 S.W.2d at 301 (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997)). We review de novo the trial court's application of the law of search and seizure.

▪ Rhoades argues that the general search was not incident to a lawful arrest because she lacked the requisite intent to commit the offense of evading arrest. *See* TEX. PEN.CODE ANN. § 38.04 (Vernon 1994). She contends that she did not know that

the plainclothes officer in an unmarked truck was a police officer, and so she could not have committed the offense of evading arrest. She posits that because she did not commit the offense, her original detention was unreasonable and that the subsequent arrest and the fruit of the search should be inadmissible.

■ This argument seems to be based on the idea that if a person is initially detained on suspicion of committing an offense, but is later determined to be innocent of that offense, the initial detention and subsequent arrest are illegal. This is not a correct analysis of the law. Probable cause, not criminal liability, is the standard for defending the validity of a search incident to an arrest. A police officer may arrest an individual without a warrant if (a) there is probable cause with respect to that individual, and (b) the arrest falls within one of the exceptions specified in Tex.Code Crim. Proc. Ann. arts. 14.01, 14.02, 14.04 (Vernon 1977), art. 14.03 (Vernon Supp.2002). *See Lunde v. State*, 736 S.W.2d 665, 666 (Tex.Crim.App.1987).

■ A warrantless arrest may be made if the officer has probable cause to believe that a person has committed or is committing a crime, where the probable cause arises from matters observed by the arresting officer. Tex.Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977); *Butler v. State*, 990 S.W.2d at 301. The test for probable cause for a warrantless arrest is whether, at that moment, the facts and circumstances within the officer's knowledge and of which the officer had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested) person had committed or was committing an offense. *Id.*

■ In determining whether probable cause existed, our evaluation of the facts surrounding the event is completely objective. *Garcia v. State*, 827 S.W.2d 937, 942 (Tex.Crim.App.1992). The arrest is valid if the police officer had the authority to detain the person, regardless of any underlying subjective reasons or desires for effecting the arrest.

The question here is whether, based on the information received from Officers Wingo and Wilkerson, plus Officer Brannon's observation of Rhoades' behavior, a reasonable person in Officer Brannon's position would have been warranted in believing that Rhoades had committed or was committing a crime.

■ Rhoades does not directly challenge any of the trial court's findings. Instead, she argues that other evidence provides another plausible explanation for her behavior.[1] She also points out that the only evidence that Officer Brannon identified himself as a police officer was his testimony, and that she testified she never saw a badge or any other indication that he was a police officer. Brannon testified that Rhoades initially slowed down as he approached her, and she fled only after he identified himself as a police officer. Thus, the question turns on the credibility of the witnesses. Evaluations of credibility lie within the purview of the trial court. *Butler v. State*, 990 S.W.2d at 301. In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). The reviewing court may not dis-

---

1. She points to evidence that it was beginning to get dark, that she was alone on a secluded dirt road where two other women had recently been beaten to death, and that the officer was in an unmarked vehicle.

turb the trial court's findings of fact supported by evidence unless the trial court's act constitutes an abuse of discretion. *See Etheridge v. State*, 903 S.W.2d 1, 15 (Tex. Crim.App.1994).

There is sufficient evidence to support the trial court's ruling that Officer Brannon's arrest and detention of Rhoades was reasonable. The trial court was free to accept Officer Brannon's testimony and reject that of Rhoades.

 Rhoades also contends that, based on *Florida v. J.L.*, an anonymous tip is insufficient to justify a *Terry*[2] stop. *See Florida v. J.L.*, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (holding anonymous tip alleging illegal possession of a firearm, but lacking proper indicia of reliability, does not justify *Terry* stop). This argument is inapplicable here for two reasons. The search in this case was conducted as one incident to a lawful arrest, not as a *Terry* stop. Moreover, the tip came from a known, reliable informant rather than from an anonymous source.

Officer Wingo testified that he had received information from the informant two or three times in the past and the information had proven reliable. He also testified that the confidential informant had given specific, separately verifiable information about the type of vehicle, the license plates, the time of return, and the location of Rhoades' residence. The informant also gave information that the purpose of the trip was to acquire a quantity of methamphetamine. The officers verified all of the information, except the possession of methamphetamine, before the search was conducted. Officer Wingo also testified there was independent evidence that

Rhoades was involved in illegal drug activities. Rhoades did not contest these facts.

Rhoades points out that the informant related no specific verifiable information about past tips and that no arrest had been made based on those past tips. She also notes that Officer Wingo could not remember the time he received the tip. Rhoades argues that these facts tend to undermine the indicia of reliability of the confidential information. This argument, however, fails to rebut the State's evidence or otherwise overcome the strong presumption in favor of the court's findings. *See Butler v. State*, 990 S.W.2d at 301. There are sufficient facts in the record to support the trial court's conclusion that Officer Wingo had probable cause to believe that Rhoades possessed a controlled substance.

For the reasons stated, the judgment is affirmed.

---

2. The rule in *Terry* permits "stop and frisk" searches for guns, knives, clubs, or other weapons for the purpose of protecting the police officer and others nearby on the basis of reasonable suspicion that the subject of the search might be armed and dangerous, rather than demanding that officers meet the higher standard of probable cause. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).