# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00042-CR

**John Henry Carter, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
## NO. A-02-0394-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Henry Carter, Sr., appeals from his conviction for possession of less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). After the jury found appellant guilty, it assessed punishment at confinement for eighteen months in a state jail facility and a fine of one thousand dollars. In one issue on appeal, appellant argues that the trial court erred in denying his motion to suppress the cocaine found on his person as a result of a warrantless arrest and search. We will affirm the conviction.

### Factual and Procedural Background

Sergeant David Howard[1] of the San Angelo Police Department testified that on April 3, 2002, he and Detective Butch James conducted a narcotics investigation of appellant. On that

---

[1] At the time of these events, Howard was assigned to the Rio Concho Multi-Agency Drug Enforcement Task Force. He had fourteen years of experience with the San Angelo Police Department, four of which were as a member of this task force.

date, Howard received information from a confidential informant that appellant was selling crack cocaine out of a small white pill bottle at the Grande Motel in San Angelo. The informant described appellant's clothing and advised Howard that appellant was cleaning rooms on this date, pushing a mop bucket around with cleaning supplies. Howard testified that on several previous occasions he had received information from this informant that proved to be reliable and true. Howard testified that he had also reviewed an anonymous crime stopper's report in early March 2002 concerning appellant selling crack cocaine at this motel. In late March 2002, Howard had spoken to a patrol officer who advised Howard that appellant was selling cocaine at the motel.

The information provided to Howard on April 3 advised him that appellant was selling the cocaine at the motel at the time of the informant's call. Howard and James then went to the Grande Motel and conducted surveillance for approximately thirty minutes to determine whether they could further corroborate the information obtained from the informant. Howard observed persons arrive at the motel both on foot and by car, meet with appellant, enter a room at the motel, and leave in about a minute. Howard testified that based on these observations and his training and experience, he concluded that appellant was selling drugs. Further, based on his knowledge that crack cocaine sells quickly, he concluded that he did not have time to obtain a search or arrest warrant before the evidence would have been "destroyed" by having been sold.

He accosted appellant, announced that he was a police officer (he was wearing plainclothes), arrested appellant and searched appellant's person. As Howard started the search, appellant tried to put his elbow down over his right jacket pocket. Howard then felt a hard object in that pocket, which turned out to be a metal pipe used for smoking crack cocaine. In that same

2

pocket, he found a pill bottle (as described by the informant) containing nine or ten rock-like objects, which, in Howard's experience, appeared to be cocaine. Later testing confirmed the presence of cocaine.

Appellant filed a pre-trial motion to suppress, contending that no valid exception to the warrant requirement applied to authorize the warrantless search and arrest. After a hearing, the court denied that motion. Appellant, in one issue on appeal, asserts that the denial of his motion was error.

**Discussion**

An appellate court reviews a trial court's ruling on a motion to suppress evidence under an abuse of discretion standard. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). Appellate courts give great deference to a trial court's determinations of historical fact. *Johnson v. State*, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as here, the trial court does not file findings of fact, we review the evidence in the light most favorable to the court's ruling and assume that the court made findings that are supported by the record and buttress its conclusion. *State v. Ross*, 32 S.W.2d 853, 855 (Tex. Crim. App. 2000); *Carmouche v. State*, 10 S.W.3d 323, 327-8 (Tex. Crim. App. 2000). We review de novo mixed questions of law and fact that do not turn on the credibility and demeanor of witnesses. *Johnson*, 68 S.W.3d at 652-53; *Guzman*, 955 at 89.

To arrest a suspect without a warrant, an officer must have probable cause and the arrest must fall within the provision of one of the statutes authorizing a warrantless arrest. *Anderson*

3

*v. State*, 932 S.W.2d 502, 506 (Tex. Crim. App. 1996); *Johnson v. State*, 32 S.W.3d 294, 298 (Tex. App.—San Antonio 2000, pet. ref'd). A peace officer may arrest an offender without a warrant for any offense committed in his presence. *See Johnson*, 32 S.W.3d at 298 (citing Tex. Code Crim. Proc. Ann. art. 14.01). Probable cause for a warrantless arrest exists when, at that moment, facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing the arrested person has committed or is committing a crime. *See State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999); *Lunde v. State*, 736 S.W.2d 665, 667 (Tex. Crim. App. 1987); *Johnson*, 32 S.W.3d at 298-99. Probable cause for an arrest can exist based on the tip of a reliable informant if the informant's information is highly detailed, and the details given by the informant are verified by the officers before making the arrest. *See Whaley v. State*, 686 S.W.2d 950, 951 (Tex. Crim. App. 1985); *Johnson*, 32 S.W.3d at 298-99. To determine whether probable cause exists, we look to the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 242-43 (1983).

A search without a warrant is *per se* unreasonable, subject only to a few specifically established exceptions. *See Ortega v. State*, 974 S.W.2d 361, 362 (Tex. App.—San Antonio 1998, pet. ref'd). One such exception is a search incident to arrest. *United States v. Edwards*, 415 U.S. 800, 808-09 (1974); *see Rhoades v. State*, 84 S.W.3d 10, 14 (Tex. App.—Texarkana 2002, no pet.). Once an officer has probable cause to arrest, he may conduct a search incident to that arrest. *See United States v. Robinson*, 414 U.S. 218, 235 (1973) (a search incident to an arrest authorized the police to conduct a "full search of the person"); *Ballard*, 987 S.W.2d at 892 (passenger compartment of car); *Stewart v. State*, 611 S.W.2d 434, 436 (Tex. Crim. App. 1991) (purse). It is irrelevant

4

whether the arrest occurs immediately before or after the search, as long as sufficient probable cause exists for the officer to arrest the suspect before the search. *Ballard*, 987 S.W.2d at 892; *Williams v. State*, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986).

In this case, Howard received detailed information from a confidential informant who had proved reliable in the past. This information correlated with two other closely contemporaneous, but more vague, tips that appellant was selling cocaine at this particular motel. Howard and another officer went to the motel to verify the information. Howard observed a person dressed in the way that the informant described, pushing around a mop bucket and cleaning supplies as described by the informant. In their half-hour of observation, they saw a number of people arrive, disappear into a room with appellant, and emerge quickly. Based on their training and experience, this behavior was consistent with appellant selling drugs to these people as the officers were watching the motel. *See Classe v. State*, 840 S.W.2d 10, 11 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (many visits to residence by many different people who stayed for very short time and then left consistent with narcotics sales from residence as indicated by confidential informant).

Based on the information from the informant, and the behavior observed, a reasonably prudent person would have been warranted in believing that appellant was in the process of committing a crime, i.e. selling cocaine as described by the informant. *See Johnson*, 32 S.W.3d at 298-99; *Ballard*, 987 S.W.2d at 892; *see also Williams v. State*, 924 S.W.2d 189, 190-91 (Tex. App.—Eastland 1996, pet. ref'd) (police officer who received tip from reliable informant that person matching defendant's description was dealing drugs at location known for drug activity and who believed he was witnessing drug transaction when defendant approached vehicle, stepped off curb,

5

knelt down, reached into the car and then back into his jacket had reasonable basis to believe defendant connected with criminal activity). After appellant's legal arrest, the officers were authorized to conduct a search incident to that arrest. *See Ballard*, 987 S.W.2d at 892. Appellant tried to conceal a pocket with his elbow; the officers performed a simple "pat-down" and found the hard metal pipe and pill bottle in appellant's pocket. They performed a valid search incident to the legal arrest. The trial court did not abuse its discretion in overruling the motion to suppress. *See Balentine*, 71 S.W.3d at 768; *Oles*, 993 S.W.2d at 106.

We conclude that appellant's warrantless arrest and the search incident to that arrest were reasonable under the totality of the circumstances. We overrule appellant's only issue and affirm the conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 14, 2003

Do Not Publish

6