**Opinion issued December 28, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-01140-CR

———————————

**GENTLE MARCH EDWARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court-At-Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1693356**

---

## MEMORANDUM OPINION

A jury convicted appellant Gentle March Edwards of evading detention and

sentenced him to 45 days in jail. *See* TEX. PENAL CODE ANN. § 38.04 (West 2011).

His conviction was supported by testimony from the officer who arrested him. In

three issues, Edwards challenges the legal sufficiency of the evidence, specifically arguing that the evidence did not support a conclusion beyond a reasonable doubt that he knew the officer was attempting to detain him or that she was legally justified in doing so. Because the jury heard sufficient testimonial evidence to support the required elements of the evading detention charge, we affirm.

## Background

Officer Deleon had worked for the Houston Police Department for approximately a year and a half when she was dispatched to the scene of a disturbance involving a car. She parked on the street with her patrol car's rear lights flashing and was approached by the man who had reported the disturbance. The man said that he had gotten into a dispute with Edwards about a car he was trying to buy from Edwards or his brother. The man said that the keys Edwards had given him were not working in the car. Deleon suspected some sort of car theft might have occurred, and she approached Edwards to investigate, wearing her police uniform. Edwards was sitting in the passenger seat of the car, and he was talking loudly on his cell phone in a foreign language. Deleon repeatedly asked Edwards to hang up his phone and step out of the car.

The witnesses' testimony diverged about what happened next. Deleon testified that she asked Edwards for his identification several times while he was talking on his cell phone. When he refused to give it to her, she told him she was

2

going to detain him. Edwards ignored her request, got out of the car, stood over her for a second, and cursed, saying "I don't have to give you anything." He then ran about 20 feet away into his house.

Edwards's friend offered different testimony. The friend testified that Edwards did not simply ignore Officer Deleon, but instead he told her that he was trying to reach his brother, the seller of the car, on the phone. He also testified that Edwards did not curse, but instead he told her he was not actually involved and was going to go inside his house. According to this version of events, Deleon asked for Edwards's identification only after he had gone to the house.

Both witnesses agree that after Edwards went into the house, Deleon called for backup. She began circling the house and spotted Edwards through a window, and she yelled at him to show her his hands. Because she could not see his hands and felt threatened, she pulled her gun out and pointed at him. Edwards then approached the front door. Seeing this, Deleon ran back to the street and took cover behind the car. When Edwards emerged from the house, Deleon arrested him as additional police officers arrived at the scene. After his arrest, police found Edwards's identification in his back pocket.

Edwards was charged with evading arrest or detention, and he was convicted after a jury trial. *See* TEX. PENAL CODE ANN. § 38.04. He then brought this timely appeal.

**Analysis**

In three issues, Edwards challenges the sufficiency of the evidence to support his conviction. "A person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a). We review the sufficiency of evidence to support a criminal conviction to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as these are the functions of the trier of fact. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The jury may reasonably believe or not believe the witnesses, or any portion of their testimony, and jurors may believe a witness even though some of the testimony may be contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We presume that the factfinder resolved any conflicting evidence in favor of the verdict, and we defer to that resolution so long as it is supported by the record. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## I.      Intent to flee

Edwards disputes the sufficiency of the evidence to establish that he "really knew" that Deleon "was attempting to detain him." He presents no legal argument to support this assertion; instead, he relies solely on the discrepencies in the witnesses' testimony.

Edwards concedes that he knew Deleon was a police officer. Deleon testified that she asked Edwards to get out of the car, and after he would not hang up his phone and comply, she said "I'm going to detain you." Edwards responded by leaving the car and refusing to provide identification, saying, "I don't have to give you anything." He then ran off into his house about 20 feet away. Edwards does not dispute that the State offered this testimony, he argues only that it was contradicted by the testimony of his witness. As the trier of fact, it is the jury's duty to determine credibility and resolve contradictions as long as it is reasonable to do so. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Merritt*, 368 S.W.3d at 525. We conclude that the evidence was legally sufficient to establish that Edwards knew Officer Deleon was a peace officer who was attempting to detain him. *See Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004) (officer's testimony that man sped up after officer turned on his patrol car lights sufficient to show the suspect knew officer was attempting to detain him), *pet. dism'd, improvidently granted*, 193 S.W.3d 903 (Tex. Crim. App. 2006).

5

## II. Lawful attempt to arrest or detain

"The State bears the burden to prove the lawfulness of the attempted detention." *Crawford v. State*, 355 S.W.3d 193, 196 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Edwards asserts that the evidence presented at trial was insufficient to show the police officer had a reasonable suspicion that he was committing a crime. Edwards also contends that Deleon lacked the requisite probable cause to arrest or detain him.

An officer may make a brief investigative detention when she has a reasonable suspicion to believe that an individual is involved in criminal activity. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) (citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968)). The detention is justified when the detaining officer has specific articulable facts, which, taken together with rational inferences from those facts, lead her to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity. *Id.* "We review de novo the legal question of whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion." *Crawford*, 355 S.W.3d at 196–97 (citing *Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007)).

The State presented Deleon's testimony to establish her reasonable suspicion that Edwards was involved in criminal activity. Deleon testified that she arrived at the scene to investigate a disturbance over a vehicle. Once there, the man who

6

reported the disturbance identified Edwards as the man who delivered the keys to a car he had just purchased. Deleon then saw that Edwards was sitting in the car on the passenger side, which seemed to her like odd behavior if Edwards had just sold the car to another person. Edwards refused to discontinue his phone conversation when she approached him in her police uniform. Deleon was concerned that she did not understand what he was saying and that she could not see his hands. Because the situation at that point did not "seem right," she suspected some sort of criminal activity, like an automobile theft, might have occurred. Officer Deleon thus articulated several specific facts that led to her reasonable suspicion that Edwards was involved in criminal activity. *See Tolbert v. State*, No. 08-10-00096-CR, 2011 WL 3807740 (Tex. App.—El Paso Aug. 26, 2011, pet. ref'd) (temporary investigative detention justified when police responded to disturbance and suspect ignored police instructions and refused to cooperate with investigation).

To the extent Edwards challenges Deleon's probable cause to arrest him, the State did not have to establish that Deleon had probably cause to arrest at the time she attempted to detain Edwards. Only reasonable suspicion is required to justify conducting an investigative detention. *Balentine*, 71 S.W.3d at 768. As discussed above, Deleon's suspicion that Edwards was possibly involved in criminal activity was reasonable. Insofar as Edwards questions the probable cause supporting his eventual arrest, that challenge fails because there was probable cause to arrest him

7

for evading detention. *See* TEX. PENAL CODE ANN. § 38.04(a). Deleon had a reasonable belief that Edwards was attempting to evade detention based on her own personal knowledge. *See Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) ("Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's personal knowledge, . . . an offense has been committed."); *Rhoades v. State*, 84 S.W.3d 10, 13-14 (Tex. App.—Texarkana 2002, no pet.) (officer had probable cause to arrest defendant based on officer's reasonable belief that defendant was attempting to evade arrest or detention). Accordingly, we overrule Edwards's second issue.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).