Alton G. JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00295–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 27, 2000.

Rehearing Overruled Oct. 19, 2000.

Cornelius N. Cox, Law Offices of Cornelius N. Cox, San Antonio, for Appellant.

Mary Beth Welsh, Scott Roberts, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

The appellant, Alton G. Johnson, pleaded guilty to committing the offense of possession of cocaine, less than one gram. Pursuant to a plea agreement, the trial court sentenced Johnson to one year in jail, suspended the sentence, and placed Johnson on community supervision for a period of five years. On appeal, Johnson complains that the trial court erred in denying his motion to suppress. Because we find no error, we affirm the judgment of the trial court.

## Motion to Suppress

In his first issue, Johnson complains that the trial court erred in denying his motion to suppress evidence. Specifically, Johnson contends that his detention, arrest, and subsequent search was without probable cause, and violates the Fourth Amendment to the U.S. Constitution and article 1, section 9 of the Texas Constitution. Johnson argues that the facts articulated by the State's witness were insufficient to establish probable cause to initiate an investigative stop and his detention.

When reviewing a trial court's ruling on a motion to suppress evidence, we apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the trial court's application of the law of search and seizure. *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex.Crim.App.1997). Because the trial court did not make explicit findings of historical fact in the instant case, we will review the evidence in a light most favorable to the trial court's ruling. *See Carmouche*, 10 S.W.3d at 327–28. We will review de novo the trial court's determinations of reasonable suspicion and probable cause. *See Carmouche*, 10 S.W.3d at 328; *Guzman*, 955 S.W.2d at 87.

### 1. Stop

In his motion to suppress, Johnson complains that the police officers had an insufficient basis for stopping him. Specifically, Johnson contends that the police officer did not have a warrant for the arrest, that Johnson had not committed any offense in view of the police, and that there was no probable cause for the stop.

A "stop and frisk" by a police officer amounts to a sufficient intrusion on an individual's privacy to implicate the Fourth Amendment's protections. *See Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Carmouche*,

10 S.W.3d at 328. Nevertheless, under an exception to the warrant requirement, an officer is generally justified in briefly detaining an individual on less than probable cause for the purposes of investigating possible criminal behavior where the officer can point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant the intrusion. *See Terry*, 392 U.S. at 21, 88 S.Ct. 1868; *Carmouche*, 10 S.W.3d at 328. Texas courts require reasonable suspicion before a seizure of the person or property can occur. *See Davis v. State*, 947 S.W.2d 240, 244 (Tex.Crim. App.1997). Reasonable suspicion requires that there be an occurrence of something out of the ordinary and some indication that the unusual activity is related to a crime. *See id.* The information provoking the officer's suspicions need not be based on his own personal observations, but may be based on an informant's tip which bears sufficient "indicia of reliability" to justify a stop. *See Carmouche*, 10 S.W.3d at 328. The same standards apply whether the person detained is a pedestrian or is the occupant of a vehicle. *See id.* To determine whether an informant's anonymous tip supplied reasonable suspicion for the stop, we will review the totality of the circumstances. *See Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App.1997).

During the hearing on Johnson's motion to suppress, Detective Breen, an undercover narcotics police officer, testified that at 7:30 p.m. on Friday, November 14, 1997, he received information from a confidential informant. Breen attested that the confidential informant was credible and reliable because the informant had provided true and correct information numerous times in the past. Breen stated that the informant told him that a black man named Gerald was driving a blue Chevrolet vehicle, license plate number NYF35P, in the area of Brownleaf and Military and delivering cocaine. The informant had seen Gerald in possession of cocaine and dealing cocaine out of his vehicle—specifically, receiving pages which he answered by delivering cocaine out of his car.

Breen testified that he relayed this information to other narcotics officers in the area as well as a marked patrol car, and told them to be on the lookout for the vehicle. The marked car and uniformed police officers initiated the stop of the vehicle. Breen arrived at the location as the uniformed officers were asking the occupants to exit the vehicle. Breen walked up to the driver, and identified himself, and asked the driver his name. The driver stated his name was "Alton." Breen later determined that Alton's full name was "Alton Gerald Johnson." After identifying Johnson, Breen informed Johnson of who he was and that he had received information that Johnson was in possession of cocaine and delivering cocaine in the area. Breen asked Johnson if he had any cocaine in the vehicle, and Johnson replied "no." Breen then asked Johnson if he could search Johnson's vehicle and Johnson indicated that Breen could check it if he wanted. Again Breen asked Johnson, "You have no problem with me searching the car?" and Johnson replied, "No, sir." During this time, Johnson appeared slightly nervous and was jumping around, moving, and saying that he had to "pee."

Breen asked if he could search Johnson because he would have to conduct a search before allowing Johnson to go to the restroom. Johnson agreed to the search at which time Breen grabbed the front of Johnson's pants and underwear and pulled them out. In doing so, Breen shined a flashlight down into Johnson's pants where he observed a tied sandwich baggy, the contents of which were shown to be several rocks of crack cocaine. When Breen asked Johnson why he had lied about having the narcotics on him, Johnson replied "Oh man, I did not think you were going to find it, so that's why I said no." Accordingly, the trial court denied Johnson's motion to suppress the evidence.

■ After reviewing the totality of the circumstances, we conclude that the warrantless stop of the blue Chevrolet was constitutionally justified based upon the informant's tip that a black male named Gerald was selling cocaine out of his vehicle, the informant's previous history of providing reliable information to the authorities, and the events surrounding the stop which served to corroborate the informant's information. *See Carmouche,* 10 S.W.3d at 328. The informant described the vehicle in detail, including the exact license plate number. Although no specific travel directions were provided, the informant stated that the individual, later identified as Johnson, was dealing drugs at a specific location. Officers went to the area and within several minutes from receiving the tip, located a vehicle matching the description given by the informant with the same license plate number. The fact that the informant provided reliable information in the past, that Johnson was at the time and place the informant had indicated, and that Johnson matched the description the informant had given the police, provided the officers with sufficient corroborating evidence to give rise to "reasonable suspicion" to stop and detain Johnson. *See id.*

#### 2. Arrest

■ We next turn to the arrest and subsequent search of Johnson. Although the United States Constitution authorizes an arrest without warrant on probable cause, in a public place for a felony offense, *see Florida v. White,* 526 U.S. 559, 564, 119 S.Ct. 1555, 143 L.Ed.2d 748 (1999), in Texas, the authority to arrest a suspect without a warrant is governed by statute, *see State v. Parson,* 988 S.W.2d 264, 266 (Tex.App.—San Antonio 1998, no pet.). In Texas, a person may be arrested without a warrant only if (1) there is probable cause, and (2) the arrest falls within the provision of one of the statutes authorizing a warrantless arrest. *See Anderson v. State,* 932 S.W.2d 502, 506 (Tex.Crim. App.1996), *cert. denied,* 521 U.S. 1122, 117 S.Ct. 2517, 138 L.Ed.2d 1019 (1997).

■ Article 14.01 of the Code of Criminal Procedure provides that a peace officer may arrest an offender without a warrant for any offense committed in his presence. *See* TEX.CODE CRIM. PROC. ANN. art 14.01 (Vernon 1977). The test for determining the existence of probable cause for a warrantless arrest is whether at that moment the facts and circumstances within the officer's knowledge and of which he had sufficient trustworthy information were sufficient to warrant a prudent man in believing the arrested person had committed or was committing an offense. *See Guzman,* 955 S.W.2d at 90. Thus, a warrantless arrest is authorized if the officer has probable cause to believe that the arrested person is committing an offense. *See Beverly v. State,* 792 S.W.2d 103, 105 (Tex.Crim.App.1990). An investigating officer's mere suspicion, hunch or "good faith perception," without more, is insufficient to constitute probable cause for an arrest. *See Adkins v. State,* 764 S.W.2d 782, 785 (Tex.Crim.App.1988). Moreover, the perceived events must be out of the ordinary, suspicious, and tie a subject with a criminal act. *See id.* The law is clear that probable cause for an arrest can exist based on the tip of a reliable informant if the informant's information is highly detailed, and the details given by the informant are verified by the officers before making the arrest. *See Whaley v. State,* 686 S.W.2d 950, 951 (Tex.Crim.App.1985) (relying on *Illinois v. Gates,* 462 U.S. 213, 232–33, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and *Draper v. United States,* 358 U.S. 307, 313–14, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)); *Curry v. State,* 965 S.W.2d 32, 34 (Tex.App.—Houston [1st Dist.] 1998, no pet.). To determine whether probable cause exists, we must look to the totality of the circumstances. *See Gates,* 462 U.S. at 242–43, 103 S.Ct. 2317; *Adkins,* 764 S.W.2d at 785.

■ In the instant case, Detective Breen testified that he had used the infor-

mant in the past and found the informant to be very reliable and credible because his tips had resulted in the seizure of narcotics and arrests in numerous investigations. The details given by the informant were independently corroborated by the officers when Breen identified both Johnson and his vehicle at the designated time and place. Because the reliable informant provided detailed information that was verified by law enforcement officers, we conclude probable cause existed for the arrest in this case. *See Curry*, 965 S.W.2d at 34. We therefore hold that under the totality of the circumstances, the officers had probable cause to justify a warrantless arrest of Johnson. *See Guzman*, 955 S.W.2d at 91.

### 3. Search

In finding there was probable cause for Johnson's arrest, we will next determine whether there was probable cause for the officer's search of Johnson. The Fourth Amendment of the U.S. Constitution and article 1, section 9 of the Texas Constitution does not forbid all searches and seizures, but only unreasonable searches and seizures. *See Terry*, 392 U.S. at 20, 88 S.Ct. 1868; *Davis*, 947 S.W.2d at 242; *Ortega v. State*, 974 S.W.2d 361, 362 (Tex. App.—San Antonio 1998, pet. ref'd). A search or seizure conducted without a warrant is per se unreasonable, subject only to a few specifically established and well delineated exceptions. *See Ortega*, 974 S.W.2d at 362.

■ An exception to the warrant requirement is the existence of exigent circumstances, commonly referred to as the "emergency doctrine." *See Colburn v. State*, 966 S.W.2d 511, 519 (Tex.Crim.App. 1998). Exigent circumstances will justify a warrantless search for the purpose of preventing the imminent destruction, removal, or concealment of evidence or contraband. *See Holmes v. State*, 962 S.W.2d 663, 671 (Tex.App.—Waco 1998, pet. ref'd, untimely filed); *Moss v. State*, 878 S.W.2d 632, 641–42 (Tex.App.—San Antonio 1994,

pet. ref'd). Probable cause exists when the facts are sufficient to justify the conclusion that the property which is the object of the search is probably in the area to be searched. *See Rojas v. State*, 797 S.W.2d 41, 43 (Tex.Crim.App.1990). We determine whether there was probable cause for a warrantless search using the totality of the circumstances test. *See Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim.App.1991). The State has the burden to prove the existence of probable cause to justify a warrantless arrest or search. *See id.*

■ In the instant case, not only had the informant proven reliable in the past, but Detective Breen corroborated every aspect of the informant's tip; namely, the automobile's description, that the automobile's driver was a black male named Gerald, and the location of the vehicle. Due to the verification of the informant's tip, the officers had reasonable grounds to believe that the remaining item of unverified information—whether Johnson possessed cocaine—was also true. *See Rodriguez v. State*, 838 S.W.2d 780, 782–83 (Tex.App.— Corpus Christi 1992, no pet.). In addition, before the police officer asked if he could search Johnson, Johnson appeared nervous, and was jumping around, and said he had to "pee." After obtaining Johnson's consent for the search, the officer was justified in searching Johnson to prevent the imminent destruction or removal of the cocaine. Under the totality of the circumstances, we therefore hold that the tip, coupled with the independent police corroboration and Johnson's behavior, provided the officers involved with sufficient probable cause to perform a warrantless search of Johnson. *See Gates*, 462 U.S. at 242–43, 103 S.Ct. 2317; *Rodriguez*, 838 S.W.2d at 783.

Because there was sufficient probable cause for the arrest and search of Johnson, and because there was sufficient reasonable suspicion for the stop of Johnson, we overrule this issue.

In his second issue, Johnson complains that the consent to search was not freely and voluntarily given. Because Johnson did not raise involuntary consent at the trial level, this issue has not been preserved for review. *See* Tex.R.App. P. 33.1; *State v. Mercado,* 972 S.W.2d 75, 77 (Tex. Crim.App.1998). Accordingly, we overrule this issue.

Having overruled Johnson's issues on appeal, we affirm the judgment of the trial court.