In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00022-CV
______________________________


PAULETTE WRIGHT, Appellant
 
V.
 
PETE REED AND WIFE, CARLA REED, Appellees


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 02C0230-005


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Appellant, Paulette Wright, has filed a motion with this Court in which she informs this
Court she no longer desires to proceed with her appeal. She has, therefore, asked this Court to
dismiss her cross-appeal of the trial court's judgment. 
            In order to provide the relief sought, we order Wright's cross-appeal against the Reeds
severed from the Reeds' appeal against Wright. We assign Wright's cross-appeal against the Reeds
to cause number 06-04-00022-CV. 
            Pursuant to Rule 42.1(a) of the Texas Rules of Appellate Procedure, Wright's motion is
granted. See Tex. R. App. P. 42.1(a). The cross-appeal by Wright against the Reeds, 06-04-00022-CV is dismissed.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 10, 2004
Date Decided:             February 11, 2004




>
 A. Right.


 Q. But you continued to search him anyway?


 A. Well, what I knew was -- I knew that wasn't a weapon.


 . . . .


 Q. Sometime in between patting on his pocket and getting down to the
end of his body to complete the search, you stuck your hand into his pocket and --


 A. Immediately after I patted his pocket, I went inside his pocket. I knew
what it was as soon as I patted it.


 Q. How did you know what's inside of his pocket when you patted it
when you did not see it?


 A. Police experience.


 Q. You're telling me that if you pat my pocket right now, you can tell
what's inside of it?


 A. I can get a general description what it is, yes. I can if it's a narcotic.


 . . . .


 Q. What else did you believe was in his pocket in terms of a weapon at
the time you started a pat-down prior to sticking your hand in his pocket?


 A. I figured it would be some cocaine-type substance.


 Q. You were looking for drugs?


 A. No, I wasn't looking for it. Once I felt it, I knew that's probably what
it was.


 Q. When you pulled the item out of his pocket, it was in tinfoil?

 

 A. Yes.


 Q. At that point in time you knew absolutely it was not a weapon,
correct?


 A. Not necessarily.


 . . . .


 Q. . . . It's your testimony before this Court today that the tinfoil was in
such a shape or form after you pulled it out of the pocket that you believed that it was
a weapon?


 A. No. I knew it was either a weapon or -- and it could be possibly
marijuana or cocaine.


 Q. At the point in time that you pulled out the tinfoil, whatever was
inside the tinfoil was not visible to you; is that correct?


 A. Correct, not all of it. It wasn't sealed totally.


 . . . .


 Q. Is that the foil you thought could possibly contain a weapon?


 A. Could have contained a razor blade.


 Joseph's only issue on appeal concerns the validity of his search by the deputy and the seizure
of the evidence from his pocket. He contends that the search and seizure were unreasonable and
unconstitutional and that the evidence seized should have been suppressed.

 When reviewing a trial court's ruling on a motion to suppress evidence, the appellate courts
apply a bifurcated standard of review, giving almost total deference to a trial court's determination
of historical facts and reviewing de novo the trial court's application of the law of search and seizure.
Johnson v. State, 32 S.W.3d 294, 296 (Tex. App.-San Antonio 2000, pet. ref'd) (citing Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). 

 We must first determine whether Deputy Eddie Willrich's pat-down search of Joseph
constituted an unreasonable search and seizure. 

 The United States Supreme Court has stated that

 When an officer is justified in believing that the individual whose suspicious
behavior he is investigating at close range is armed and presently dangerous to the
officer or to others, it would appear to be clearly unreasonable to deny the officer the
power to take necessary measures to determine whether the person is in fact carrying
a weapon and to neutralize the threat of physical harm.

 

Terry v. Ohio, 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889, 908 (1968). Recognizing this need,
the Court held that police officers, under certain limited circumstances, could conduct a "stop and
frisk" search of a suspect, for weapons, without violating the constitutional prohibition against
unreasonable searches and seizures:

 [T]here must be a narrowly drawn authority to permit a reasonable search for
weapons for the protection of the police officer, where he has reason to believe that
he is dealing with an armed and dangerous individual, regardless of whether he has
probable cause to arrest the individual for a crime. The officer need not be absolutely
certain that the individual is armed; the issue is whether a reasonably prudent man
in the circumstances would be warranted in the belief that his safety or that of others
was in danger. And in determining whether the officer acted reasonably in such
circumstances, due weight must be given, not to his inchoate and unparticularized
suspicion or "hunch," but to the specific reasonable inferences which he is entitled
to draw from the facts in light of his experience.

 

Id., 392 U.S. at 27 (citations omitted). 

 This court, citing Terry, has recently reiterated that a police officer has the power to
determine whether a person is carrying a weapon and to neutralize the threat of harm, so long as the
officer has a reasonable suspicion based on articulable facts that the person is armed and presently
dangerous. We held that such a search must be narrow in scope and limited to that which is
necessary for the discovery of weapons that are readily accessible. McAllister v. State, 34 S.W.3d
346, 352 (Tex. App.-Texarkana 2000, pet. ref'd). The Beaumont Court of Appeals has held the
initial investigatory stop and pat-down search is only justified where the officer can point to specific
and articulable facts which reasonably lead the officer to conclude the suspect might possess a
weapon. Williams, 27 S.W.3d at 692.

 Under these circumstances, we hold Willrich was justified in conducting a pat-down search
of Joseph for weapons. We also review whether the circumstances justified Willrich's seizure of the
tinfoil and substance contained therein from the pocket of Joseph after he conducted the pat-down
search.

 The United States Supreme Court has held that if a law enforcement officer lawfully pats
down the outer clothing of a suspect and feels an object whose contour or mass makes its identity
immediately apparent, there has been no invasion of privacy beyond that already authorized by the
officer's search for weapons. Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124
L.Ed.2d 334, 346 (1993); Carmouche v. State, 10 S.W.3d 323, 330 (Tex. Crim. App. 2000);
McAllister, 34 S.W.3d at 352. 

 In Dickerson, the officer testified that based on his feeling a small, hard object wrapped in
plastic inside the suspect's clothing, he knew the lump was crack cocaine. The Supreme Court held
that the evidence should have been suppressed because the officer's determination that the lump he
felt was contraband was not based on immediate recognition, but was made only after "squeezing,
sliding and otherwise manipulating the contents of the defendant's pocket -- a pocket which the
officer already knew contained no weapon." 508 U.S. at 378. In Carmouche, the Texas Court of
Criminal Appeals held that based on the officer's testimony that he immediately recognized the bulge
in appellant's pants pocket as money, the "plain feel" exception had been established. (1)

 In the Dickerson opinion, the United States Supreme Court deemed the sense of touch
equivalent to finding contraband under the plain view doctrine, and if it is observed by a police
officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy
and thus no search within the meaning of the Fourth Amendment--or at least no search independent
of the initial intrusion that gave the officers their vantage point. The Court goes on to say that if an
officer pats down a suspect's outer clothing and feels an object whose contour or mass makes its
identity immediately apparent, there has been no invasion of the suspect's privacy beyond that
already authorized by the officer's search for weapons. The Court in Dickerson observes that the
sense of touch is generally less reliable than the sense of sight, but that this only suggests the officers
will less often be able to justify seizures of unseen contraband.

 In the present case, applying the Constitution to the facts is difficult. The officer's conclusion
was that immediately after he felt the bulk, the identity of the bulk was immediately apparent to him. 
He testified that he based his immediate recognition of the lump as crack cocaine on his police
experience. He made this tactile discovery through the pants and wrappings of the substance. 
However, when asked about the shape or form of the tinfoil, the officer testified he knew it was
either a weapon or possibly marihuana or cocaine. He also testified the tinfoil could have contained
a razorblade. His testimony was not unequivocable.

 Giving deference to the fact finding of the trial court, as well as to the Texas Court of
Criminal Appeal's determination that an officer could immediately identify money through the outer
clothing in the case of Carmouche, this court, by precedent and by the trial court's determination,
must hold the search and seizure was not unreasonable and was not unconstitutional.

 The judgment of the trial court is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: August 29, 2001

Date Decided: March 6, 2002


Do Not Publish
1. The opinion, citing Dickerson, states that no privacy interest is implicated by the seizure of
an item whose identity is plainly known through an officer's sense of touch. Carmouche v. State, 10
S.W.3d 323, 330 (Tex. Crim. App. 2000). The language of the Carmouche opinion does not indicate
that the officer is required to articulate any specific facts by which he claims to "immediately
recognize" what he feels as contraband. Id. at 330-31.