JUAREZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-116-CR

BENJAMIN JUAREZ JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Benjamin Juarez Jr. appeals his conviction for driving while intoxicated (DWI).  In a single point, appellant complains that there is no evidence from which the jury could have determined beyond a reasonable doubt that the arresting officer’s investigatory stop that resulted in his arrest for DWI was lawful; therefore, the jury should have disregarded the testimony admitted at trial regarding the evidence obtained as a result of the stop.  Appellant contends that the jury’s failure to disregard this evidence deprived him of a fair trial.
(footnote: 2) Because there is legally sufficient evidence supporting the jury’s determination that the stop was lawful, we affirm.

An officer may lawfully stop and detain an individual when the officer has reasonable suspicion to believe that the individual is violating the law.
(footnote: 3)  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.
(footnote: 4)
 The information provoking the officer’s suspicions need not be based on his own personal observations, but may be based on an informant’s tip, corroborated by the officer, that bears sufficient indicia of reliability to justify a stop.
(footnote: 5)  The more reliable the informant’s information, the less corroboration is necessary.  Thus, a detailed description of the wrongdoing received from a concerned citizen, given as the event is occurring, is entitled to great weight—particularly when the citizen puts herself in a position to be accountable for her intervention.
(footnote: 6)
 In this case, Officer Johnson initiated the stop of appellant, but had retired by the time of trial and could not be located to testify.  Appellant contends that, because Officer Johnson did not testify at trial, there is no evidence that the officer had reasonable suspicion for making the stop.
(footnote: 7)  We disagree.

The record shows as follows.  Kelly Yosten testified that she was driving home around midnight when she observed a long, big car driving very slowly and drifting across three lanes of traffic.  The car was “all over the road” and once nearly hit the left embankment of the road.  Concerned that she was observing a possible drunk driver, Yosten called 9-1-1 and reported to the dispatcher what she was observing.  Yosten then continued to follow the car, which continued to weave in and out of its lane on Highway 121.  After awhile, Yosten observed a police car enter Highway 121 and approach her car and the one she was following.  The police car, driven by Officer Johnson, stopped the car that Yosten had reported to the 9-1-1 dispatcher.  Once the car was stopped, Yosten pulled in behind Officer Johnson’s police car and eventually provided the police a written statement about what she had observed.  Yosten estimated that she followed the car for a couple of miles before calling 9-1-1 and then for about ten more minutes before the stop occurred. 

Officer Timothy Clontz testified that, on the same night, he received a 9-1-1 dispatch broadcast that a citizen was following a brown Chevrolet station wagon on Highway 121. The citizen believed the person in the car might be intoxicated because the car was drifting and had nearly hit a pillar.  Officer Clontz went to the described location and found that Officer Johnson, whose beat it was, had already gotten behind the vehicle and stopped it.  Officer Clontz then performed field sobriety tests on appellant, the driver of the car, at Officer Johnson’s request. 

The trial court also admitted a videotape taken by the camera on Officer Johnson’s police car.  The videotape shows Officer Johnson’s car following appellant’s car, which was driving slowly down the freeway.  The tape also shows Officer Johnson saying to appellant, after both cars were stopped by the roadside,  “Looks like you’ve had a little bit too much.”  Appellant responded, “Well, I have, a few too many.” 

Viewing this evidence in the light most favorable to the jury’s determination,
(footnote: 8) we hold that the jury reasonably could have inferred that Officer Johnson heard the 9-1-1 dispatch broadcast while on his beat, corroborated the information by going to the location Yosten had described to the dispatcher and observing a slow-driving car matching Yosten’s description, and formed a reasonable suspicion that the person in the car he observed was driving while intoxicated.
(footnote: 9)  Therefore, there is legally sufficient evidence to support the jury’s determination that Officer Johnson’s stop of appellant was valid.  Accordingly, we overrule appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 20, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant does not complain that the trial court improperly admitted the evidence, but only that the jury should not have considered it.

3:
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

4:
Id
. at 492-93.
 

5:
See Johnson v. State,
 32 S.W.3d 294, 297 (Tex. App.—San Antonio 2000, pet. ref’d); 
State v. Stolte,
 991 S.W.2d 336, 341 (Tex. App.—Fort Worth 1999, no pet.).

6:
Stolte,
 991 S.W.2d at 341; 
State v. Sailo,
 910 S.W.2d 184, 188-89 (Tex. App.—Fort Worth 1995, pet. ref’d).

7:
The court’s charge did not, as appellant asserts, instruct the jury that Officer Johnson had to 
observe
 appellant driving willfully and wantonly before making the stop.  Instead, the charge instructed that jury in pertinent part as follows:

[I]f you find from the evidence that . . . the defendant did not drive his vehicle in willful or wanton disregard for the safety of other persons or property immediately preceding the stop and detention by Officer Johnson involved herein; . . . or if you have a reasonable doubt thereof, then such stopping of the defendant would be illegal. 

As we discuss herein, there is legally sufficient evidence from which the jury reasonably could have determined beyond a reasonable doubt that appellant drove his car in this manner immediately before Officer Johnson stopped him.

8:
See
 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

9:
See
 
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789 (holding that the fact finder is responsible for drawing reasonable inferences from the evidence
); 
Margraves v. State,
 
34 S.W.3d 912, 919 (Tex. Crim. App. 2000)
 (stat
ing 
that the jury is the sole judge of the weight and credibility of the evidence).