COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-116-CR

 

 

BENJAMIN JUAREZ JR.                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Benjamin Juarez Jr. appeals
his conviction for driving while intoxicated (DWI).  In a single point, appellant complains that
there is no evidence from which the jury could have determined beyond a
reasonable doubt that the arresting officer=s investigatory stop that resulted in his arrest for DWI was lawful;
therefore, the jury should have disregarded the testimony admitted at trial
regarding the evidence obtained as a result of the stop.  Appellant contends that the jury=s failure to disregard this evidence deprived him of a fair trial.[2]
Because there is legally sufficient evidence supporting the jury=s determination that the stop was lawful, we affirm.

An officer may lawfully stop
and detain an individual when the officer has reasonable suspicion to believe
that the individual is violating the law.[3]  Reasonable suspicion exists when, based on
the totality of the circumstances, the officer has specific, articulable facts
that, when combined with rational inferences from those facts, would lead him
to reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.[4]








The information provoking the
officer=s suspicions need not be based on his own personal observations, but
may be based on an informant=s tip, corroborated by the officer, that bears sufficient indicia of
reliability to justify a stop.[5]  The more reliable the informant=s information, the less corroboration is necessary.  Thus, a detailed description of the
wrongdoing received from a concerned citizen, given as the event is occurring,
is entitled to great weightCparticularly when the citizen puts herself in a position to be
accountable for her intervention.[6]

In this case, Officer Johnson
initiated the stop of appellant, but had retired by the time of trial and could
not be located to testify.  Appellant
contends that, because Officer Johnson did not testify at trial, there is no
evidence that the officer had reasonable suspicion for making the stop.[7]  We disagree.

 








The record shows as
follows.  Kelly Yosten testified that she
was driving home around midnight when she observed a long, big car driving very
slowly and drifting across three lanes of traffic.  The car was Aall over the road@ and once nearly hit the left embankment of the road.  Concerned that she was observing a possible
drunk driver, Yosten called 9-1-1 and reported to the dispatcher what she was
observing.  Yosten then continued to
follow the car, which continued to weave in and out of its lane on Highway
121.  After awhile, Yosten observed a
police car enter Highway 121 and approach her car and the one she was
following.  The police car, driven by
Officer Johnson, stopped the car that Yosten had reported to the 9-1-1
dispatcher.  Once the car was stopped,
Yosten pulled in behind Officer Johnson=s police car and eventually provided the police a written statement
about what she had observed.  Yosten
estimated that she followed the car for a couple of miles before calling 9-1-1
and then for about ten more minutes before the stop occurred. 








Officer Timothy Clontz
testified that, on the same night, he received a 9-1-1 dispatch broadcast that
a citizen was following a brown Chevrolet station wagon on Highway 121. The
citizen believed the person in the car might be intoxicated because the car was
drifting and had nearly hit a pillar. 
Officer Clontz went to the described location and found that Officer
Johnson, whose beat it was, had already gotten behind the vehicle and stopped
it.  Officer Clontz then performed field
sobriety tests on appellant, the driver of the car, at Officer Johnson=s request. 

The trial court also admitted
a videotape taken by the camera on Officer Johnson=s police car.  The videotape
shows Officer Johnson=s car
following appellant=s car, which
was driving slowly down the freeway.  The
tape also shows Officer Johnson saying to appellant, after both cars were
stopped by the roadside,  ALooks like you=ve had a
little bit too much.@  Appellant responded, AWell, I have, a few too many.@ 








Viewing this evidence in the
light most favorable to the jury=s determination,[8]
we hold that the jury reasonably could have inferred that Officer Johnson heard
the 9-1-1 dispatch broadcast while on his beat, corroborated the information by
going to the location Yosten had described to the dispatcher and observing a
slow-driving car matching Yosten=s description, and formed a reasonable suspicion that the person in
the car he observed was driving while intoxicated.[9]  Therefore, there is legally sufficient
evidence to support the jury=s determination that Officer Johnson=s stop of appellant was valid. 
Accordingly, we overrule appellant=s point and affirm the trial court=s judgment.

 

 

PER CURIAM

PANEL F:    CAYCE,
C.J.; WALKER and MCCOY, JJ. 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 20, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant
does not complain that the trial court improperly admitted the evidence, but
only that the jury should not have considered it.





[3]Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).





[4]Id. at
492-93. 





[5]See
Johnson v. State, 32 S.W.3d 294, 297 (Tex. App.CSan
Antonio 2000, pet. ref=d); State
v. Stolte, 991 S.W.2d 336, 341 (Tex. App.CFort
Worth 1999, no pet.).





[6]Stolte, 991
S.W.2d at 341; State v. Sailo, 910 S.W.2d 184, 188-89 (Tex. App.CFort
Worth 1995, pet. ref=d).





[7]The
court=s
charge did not, as appellant asserts, instruct the jury that Officer Johnson
had to observe appellant driving willfully and wantonly before making
the stop.  Instead, the charge instructed
that jury in pertinent part as follows:

 

[I]f
you find from the evidence that . . . the defendant did not drive his vehicle
in willful or wanton disregard for the safety of other persons or property
immediately preceding the stop and detention by Officer Johnson involved
herein; . . . or if you have a reasonable doubt thereof, then such stopping of
the defendant would be illegal. 

 

As we discuss herein, there is legally sufficient evidence from which
the jury reasonably could have determined beyond a reasonable doubt that
appellant drove his car in this manner immediately before Officer Johnson
stopped him.





[8]See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).





[9]See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789 (holding that the fact finder is responsible
for drawing reasonable inferences from the evidence); Margraves v. State,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (stating that the jury is the sole
judge of the weight and credibility of the evidence).