NUMBERS 13-08-00248-CR



13-08-00249-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRANDON JARREL GOSSETT,                                               Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 283rd District Court
of Dallas County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

After the trial court denied a motion to suppress filed by appellant, Brandon Jarrel Gossett, he pleaded nolo contendere to the offense of possession with intent to deliver a controlled substance, cocaine, and to the offense of possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04 (Vernon Supp. 2008); TEX. HEALTH & SAFETY CODE ANN.

§ 481.119 (Vernon Supp. 2008). [1] The trial court found Gossett guilty of both offenses and sentenced him to seven years' confinement and a $1,500 fine for each offense. Gossett contends that the trial court erred in denying his motion to suppress. We affirm

## I. BACKGROUND

At the hearing on the motion to suppress held on March 7, 2008, Dallas Police Officer Daniel Foster testified that he was on duty on August 7, 2007 and investigating an anonymous tip received through a tip line regarding face-to-face drug sales at 3914 Fernwood. Foster admitted not knowing the date the anonymous tip was received and that the tip did not name a specific person who was suspected of selling drugs at the home. Foster was familiar with the house because he had previously executed a narcotics search warrant there, arrested several people on drug charges after leaving the house, and received a couple of complaints regarding the house. In general, he knew the residence to be a drug house.

As he was driving up to the house, Foster saw a vehicle backing out of the front driveway and noticed that the front-seat passenger was not wearing his seat belt. While the vehicle was in front of the house, Foster initiated a traffic stop. Upon approaching the vehicle, Foster's partner saw the front-seat passenger throw what appeared to be drugs onto the dashboard. The passenger was later arrested for possession of cocaine. On cross-examination by Gossett's counsel, Foster admitted that did not see the occupants of the vehicle exit the home, nor did he see them enter the vehicle. Foster also admitted that neither the arrested passenger, nor anything found in the car, was tied to anything found later in the house.

---

[1] The possession of a controlled substance offense is trial court cause number F07-55672-T and appellate cause number 13-07-00248-CR. The possession of a firearm by a felon is trial court cause number F07-55673-NT and appellate cause number 13-07-00249-CR.

2

After the vehicle stop and arrest, Foster saw Gossett standing at the front door of the house and approached him. As Foster approached, Gossett ran to the back room of the house. The front door was open, but there was a screen door that was closed. To get Gossett's attention, Foster "yelled something like, Hey man," and knocked on the screen door. Gossett came to the door, opened it, and talked to Foster. Foster asked Gossett if drugs were being sold at the residence, and Gossett stated that no drugs were in the house. Foster asked if he could search the house, and Gossett agreed but stated that he did not live there. Gossett gave Foster a name and address, which were later revealed to be false. Because Foster was not sure if Gossett had the authority to consent, he instead asked to search Gossett's body for drugs. Gossett consented, and upon searching him, Foster found a small bag of marihuana in his pants' pocket. Gossett then revealed his true identity and told Foster that he had a parole violation and a prior warrant.

At that point, Foster attempted to place Gossett under arrest, but Gossett turned and stepped back into the house. As Foster stepped inside the home to grab Gossett, he noticed a shotgun propped on the couch in the front room to his left. Foster then pulled out his taser gun and arrested Gossett. Foster testified at the hearing that he was not sure if anyone else was in the house and did not want to turn his back on the shotgun or the house for a long time. After taking Gossett outside with Foster's partner, Foster went back into the house to perform a protective sweep and ensure that no one else was inside the house. During the sweep, Foster entered the back room of the house, the location Gossett had earlier attempted to reach, and found marihuana, crack cocaine, and a small amount of cash on the edge of a shelf in an open closet. Foster testified that as he entered the back room, he noticed, in plain view and at eye level, the items in the closet and seized them.

After listening to arguments on both sides at the hearing, the trial court denied Gossett's suppression motion. Pursuant to plea agreements, Gossett pleaded nolo contendere before the trial court to the charged offenses of possession with intent to deliver cocaine and possession of a firearm by a felon. SEE TEX. PENAL CODE ANN. § 46.04; TEX. HEALTH & SAFETY CODE ANN. § 481.119. Gossett was sentenced to seven years' imprisonment and a $1,500 fine for each offense. At the hearing, Gossett waived his right to a jury trial, and the trial court has certified that he can only appeal matters that were raised and ruled on in his motion to suppress. This appeal ensued.

## II. STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review a trial judge's ruling on a motion to suppress for abuse of discretion, giving almost total deference to the trial judge's determination of historical facts, but we review search and seizure law de novo. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Garcia v. State,* 15 S.W.3d 533, 535 (Tex. Crim. App. 2000)*; Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). In reviewing a trial judge's ruling on a suppression motion, we must view the record and all reasonable inferences therefrom in the light most favorable to the ruling, and sustain the ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Knisley v. State*, 81 S.W.3d 478, 483 (Tex. App.–Dallas 2002, pet. ref'd)*.

## III. WARRANTLESS SEARCH AND SEIZURE

In his first issue, Gossett asserts that his warrantless search and seizure was not

reasonable under the totality of the circumstances. We disagree.

## A.     Applicable Law

A warrantless search is presumptively unreasonable under the Fourth Amendment, unless a recognized exception to the warrant requirement exists. *United States v. Karo*, 468 U.S. 705, 717 (1984); *Fonseca v. State*, 881 S.W.2d 144, 149 (Tex. App.–Corpus Christi 1994, no pet.)*.* Consent searches are an established exception to the warrant and probable cause requirements of the Fourth Amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Balentine*, 71 S.W.3d at 772*.* For consent to be a valid exception, however, that consent must be voluntary. *Schneckloth*, 412 U.S. at 223*; Reasor v. State*, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000*).* Voluntary consent to a warrantless search violates neither the United States or Texas Constitutions, nor the laws of Texas. *Brimage v. State*, 918 S.W.2d 466, 480 (Tex. Crim. App. 1996)*.*

In determining whether a defendant's consent was voluntary, the State is required to prove the voluntariness of consent by clear and convincing evidence. *Reasor*, 12 S.W.3d at 818 (citing *Ibarra v. State,* 953 S.W.2d 242, 243 (Tex. Crim. App. 1997)). The trial court must look at the totality of the circumstances surrounding the statement of consent in order to determine whether that consent was given voluntarily. *Id.* (citing *Lackey v. State*, 638 S.W.2d 439, 447 (Tex. Crim. App. 1982))*.*

## B.     Analysis

Here, the only testimony presented at the suppression hearing regarding the issue of consent came from Foster. Foster testified that after the vehicle stop and arrest, he noticed Gossett standing at the front door of the house. As Foster approached, Gossett

5

ran inside to the back room of the house. Foster could see Gossett running because the front door was open, and there was only a closed screen door. To get Gossett's attention, Foster "yelled something like, Hey man," and knocked on the screen door. Gossett came to the door, opened it, and talked to Foster. After talking for a while, Foster asked Gossett if he could search the house. Gossett agreed but stated that he did not live there. Not knowing if his consent was valid, Foster then asked to search Gossett's body for drugs. Gossett agreed, and upon searching Gossett, Foster found a small bag of marihuana in Gossett's pants' pocket. As Foster attempted to place Gossett under arrest, Gossett turned and went back into the house. Foster followed Gossett inside the house to effectuate the arrest and noticed a shotgun propped on the couch. After Gossett was arrested, Foster went back into the house to do a protective sweep and found marihuana, crack cocaine, and a small amount of cash on a shelf in an open closet in that back room.

Based on the totality of the circumstances, the trial court could have reasonably concluded that Gossett voluntarily consented to a search of his person. No other evidence was presented as to his consent, and the record does not state that Gossett was coerced. Foster lawfully searched Gossett's body and lawfully found marihuana in his pocket. A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. *McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003). Because marihuana is an illegal substance, Foster was legally authorized to make a warrantless arrest for an offense that occurred within his presence. TEX. CODE CRIM. PROC. ANN. art 1401 (Vernon Supp. 2008). Thus, Foster was authorized to conduct a warrantless search and seizure based on the totality of the circumstances and did not violate Gossett's constitutional rights. The first issue is overruled.

6

In his second issue, Gossett asserts there was no probable cause to arrest him in the house because Forster never testified that the substance found on Gossett's person was marihuana. We disagree.

## A. Applicable Law

In Texas, a person may be arrested without a warrant only if (1) there is probable cause, and (2) the arrest falls within the provision of one of the statutes authorizing a warrantless arrest. *Johnson v. State*, 32 S.W.3d 294, 298 (Tex. App.– San Antonio 2000, pet. ref'd). The test for determining the existence of probable cause for a warrantless arrest is whether at that moment the facts and circumstances within the officer's knowledge and of which he had sufficient trustworthy information were sufficient to warrant a prudent man in believing the arrested person had committed or was committing an offense. *Id.* An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him an awareness of its occurrence. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002) (citing *Clark v. State*, 117 Tex. Crim. 153, 35 S.W.2d 420, 422 (1931)). To determine whether probable cause exists, we must look to the totality of the circumstances. *Moss v. State*, 75 S.W.3d 132 (Tex. App. San Antonio 2002).

## B. Analysis

In this case, there was probable cause to arrest Gossett after marihuana was found on his body. As previously mentioned, Foster testified that he asked Gossett to search his body for drugs. Gossett agreed and upon the search, Foster found a small bag of

7

marihuana in Gossett's pants' pocket.  It is reasonable to infer that Foster knew what marihuana looked and smelled like.  Marihuana has a distinct appearance and odor that are familiar and easily recognizable to anyone who has encountered it, so the officer's opinion that the substance seen was marihuana was one that a reasonable person could draw from the circumstances.  *See e.g., Osborn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002) (concluding that a police officer's testimony regarding the smell of marihuana may be admitted as the testimony of a lay person under Rule 701 of the Rules of Evidence).  Because possession of marihuana is an offense in the state of Texas, Gossett was committing an offense in the presence of Foster.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon Supp. 2008).  Therefore, Foster had probable cause to arrest Gossett and effectuate the arrest inside the home.  The second issue is also overruled.

## V. CONCLUSION

The trial court did not error in denying Gossett's motion to suppress.  Accordingly, we affirm the judgments of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 30th day of July, 2009.

8