**Opinion filed September 25, 2014**



## In The

# Elebenth Court of Appeals

_____

## No. 11-13-00242-CR

_____

### ERIC RAYNALL BROWN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 24769A**

### M E M O R A N D U M   O P I N I O N

The jury convicted Eric Raynall Brown of the offense of possession of cocaine, in an amount of more than four grams but less than 200 grams, with the intent to deliver.[1]  The trial court found an enhancement paragraph to be true, assessed Appellant's punishment at confinement for twenty-five years, and sentenced him accordingly.  In one point of error, Appellant challenges the trial court's denial of his pretrial motion to suppress.  We affirm.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112(a) (West 2010).

## I. *The Evidence at Trial*

Because Appellant has not challenged the sufficiency of the evidence, we outline the evidence relevant to the suppression issue.

At the hearing on Appellant's motion to suppress, Sue Belver, an officer in the Abilene Police Department, testified that she was assigned to the Special Operations Division, which dealt primarily with narcotics operations. A "qualified" confidential informant informed Officer Belver that Appellant possessed a quantity of crack cocaine and was riding in a certain vehicle with several other people. Officer Belver believed the confidential informant was reliable because the informant had given information in the past that had been true and correct in reference to drug activity in the Abilene area; that information had been corroborated by Officer Belver and led to several arrests. In addition, Officer Belver had known the informant for over six months, and the informant was "voluntarily working, not by force or holding a case over [the informant's] head."

The informant told Officer Belver that the informant had actually seen Appellant with crack cocaine in a particular vehicle. The informant's description of the vehicle was detailed: Officer Belver received the color, make, model, and license plate number of the vehicle. The informant told Officer Belver the general location of where the vehicle could be found and said that four people could be found in the vehicle. These four people included one female, a black male known by the street name of "EB," a black male with an unknown name, and a black male named David Lee. Officer Belver received this information approximately two hours before she actually made contact with Appellant.

Officer Belver elicited the assistance of other officers to help locate the vehicle, and they all went to the area described by the informant to look for the vehicle. Officer Belver located the vehicle at a FINA station in the area described by the informant. According to Officer Belver, the color and description of the

vehicle, the license plate number, and the number of occupants in the vehicle were consistent in every aspect with the information she received from the confidential informant.

Officer Belver testified that, based on the information she received from the informant, she believed there was probable cause to stop the vehicle and conduct a search, and she intended to do so. Officer Belver was unprepared to make a stop and conduct a search at that time because she was riding in an unmarked vehicle that was not equipped with lights and sirens to effectuate a traffic stop. Initially, Officer Belver was unable to solicit over the radio a marked unit to stop the suspect vehicle, so Officer Belver followed the vehicle until it stopped so that she could initiate contact.

The vehicle eventually stopped in the drive-through of a Long John Silver's restaurant. Officer Belver waited until other units arrived, and then they all surrounded the vehicle in the drive-through. Officer Belver elected to approach the vehicle in the drive-through because she deemed that to be a sufficient location to approach it safely and to avoid any attempt by the driver to drive away. The officers identified themselves as law enforcement and asked the occupants to step out of the car.

The occupants exited the car, and the officers had the car moved so it would not impede traffic in the drive-through lane. Four occupants exited the vehicle: a female, who was driving; a black male named Rashad Bennett, who was riding in the front passenger seat; a black male named David Lee; and a black male whom Officer Belver recognized on sight as Appellant, who was known as "EB" or Eric Brown. These four individuals matched the description given to Officer Belver by the informant.

Officer Belver made contact with the female driver, told her that the officers were conducting a drug investigation, and asked if the driver had anything illegal

3

in the vehicle or on her person. The driver surrendered a piece of crack cocaine from her bra and a small amount of marihuana from her purse. The officers asked the remaining occupants if they had anything illegal, and none of them surrendered anything at that time.

Next, the officers conducted a search of the vehicle and each of its occupants in an attempt to locate illegal drugs. As a part of this search, the officers recovered from Appellant's person a piece of plastic that was knotted at the top and contained approximately twenty-four rocks of crack cocaine, as well as another piece of plastic that contained what Officer Belver described as a "slab of crack cocaine." The officers found these items in the right cargo pocket of Appellant's blue-jean shorts. The crack cocaine found on Appellant's person was the evidence that Appellant sought to exclude via his pretrial motion to suppress.

## II. *Standard of Review*

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion, giving almost total deference to the trial court's determination of historical facts. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). At a suppression hearing, the trial court is the sole judge of the credibility of witnesses and the weight their testimony is to be afforded. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). When the trial court fails to make explicit findings of fact, we imply findings that support the trial court's ruling so long as the evidence supports these implied findings. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). The trial court may make reasonable inferences from the evidence presented. *Id.* We will uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007). We review de novo the question of whether a specific search or seizure is "reasonable"

4

or supported by probable cause under the Fourth Amendment. *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006).

In our review of the trial court's ruling on the motion to suppress, we will consider only the record of the suppression hearing because that is the only evidence before the trial court at the time of its ruling on Appellant's motion to suppress. *See Gutierrez*, 221 S.W.3d at 687. Although Appellant objected to the admission of the crack cocaine as an exhibit at trial, the suppression issue of probable cause for Appellant's arrest was not relitigated during trial. Appellant objected to the admission of the crack cocaine on multiple grounds, including the Fourth Amendment, after all of the witnesses had already testified except for Appellant's cross-examination of the laboratory technician expert. The trial court summarily overruled Appellant's objection.

The suppression issue was not discussed further by the parties or the trial court. Therefore, the trial court's pretrial denial of Appellant's motion to suppress is the operative ruling in this case, and we will limit our review to the evidence presented during the pretrial suppression hearing. *See Gutierrez*, 221 S.W.3d at 687 (in reviewing trial court's pretrial ruling on suppression motion, appellate court is limited to record produced at suppression hearing unless parties relitigate issue at trial); *Herrera v. State*, 80 S.W.3d 283, 291 (Tex. App.—Texarkana 2002, pet. ref'd) (limiting review of motion to suppress to suppression hearing record because parties did not consensually agree to relitigate issue at trial and no evidence was developed at trial for purposes of addressing suppression issue).

### III. *Analysis*

The sole point of error before this court is the reasonableness of the search that resulted in the recovery of the crack cocaine from Appellant's person. Both the federal and state constitutions guarantee the right to be secure from unreasonable searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. I,

5

§ 9; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). Searches conducted without a warrant are per se unreasonable, subject only to a few specifically established and well-delineated exceptions. *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993); *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012).

The State contends that the search of Appellant's person was reasonable under the totality of the circumstances because Officer Belver had probable cause to search the vehicle and because the "automobile exception" to the warrant requirement applied for the investigative detention. The State also argues that it could search Appellant individually because the police had probable cause to believe he possessed drugs, based on the information provided by the confidential informant. The confidential informant specifically identified Appellant as the person in the vehicle with crack cocaine in his possession, and Appellant was the targeted suspect throughout the investigative detention with police. Accordingly, Officer Belver's search of Appellant's person was lawful if it was made with probable cause. *See Buitron v. State*, 519 S.W.2d 467, 470 (Tex. Crim. App. 1975).

Probable cause to search exists when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location. *Illinois v. Gates*, 462 U.S. 213 (1983); *Dixon*, 206 S.W.3d at 616. Probable cause is a fluid concept that turns on the assessment of probabilities in particular factual contexts. *Gates*, 462 U.S. at 232; *Dixon*, 206 S.W.3d at 616.

We agree with the State that the automobile exception applies to this case; therefore, the officers could lawfully search the vehicle and its contents if they had probable cause to believe they would find evidence of contraband therein. Under the automobile exception, law enforcement officers may conduct a warrantless search of a vehicle if it is "readily mobile and there is probable cause to believe

that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). This exception is justified because the ready mobility of a vehicle creates an exigency, and an individual has a reduced expectation of privacy in a vehicle because it is subject to "pervasive [government] regulation." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (citing *California v. Carney*, 471 U.S. 386, 391–92 (1985)). If the automobile exception applies, law enforcement officers may search "every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982); *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008).

We note that probable cause to search a car under the automobile exception does not automatically justify a body search of all of its occupants. *See United States v. Di Re*, 332 U.S. 581, 587 (1948). That is because "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). Appellant contends that the warrantless search was unreasonable because Officer Belver had ample time to obtain a warrant before conducting the search given that she received the information relied upon to justify the search roughly two hours before she detained Appellant. But the automobile exception has no separate exigency requirement in addition to probable cause. *See United States v. Johns*, 469 U.S. 478, 484–85 (1985); *State v. Guzman*, 959 S.W.2d 631, 634 (Tex. Crim. App. 1998). An automobile's ready mobility creates the risk that evidence or contraband will be permanently lost while a warrant is obtained. *Carney*, 471 U.S. at 390–91. Thus, the possibility of having the time to obtain a warrant, in retrospect, does not render the warrantless search in this case unreasonable. Moreover, Officer Belver, along with the other officers in pursuit, was consistently monitoring and trailing the vehicle after Officer Belver initially spotted it. To require law enforcement to relay the information necessary for a

warrant and to wait for a magistrate to issue it, all while the officers were waiting for the opportunity to stop the vehicle, would have been impractical under the circumstances in this case.

The facts of this case are similar to those in *Dixon v. State*. In *Dixon*, the Court of Criminal Appeals upheld a finding of probable cause after law enforcement officers, based on information given by a confidential informant, recovered cocaine from a suspect's vehicle. *Dixon*, 206 S.W.3d at 619. The evidence showed that the confidential informant had been reliable in the past; had given detailed information about the suspect, his whereabouts, and his recent possession of cocaine "rocks"; and had provided verifiable detail. *Id.* at 616–17. The arresting officer was able to verify almost every piece of information from the informant, except the actual presence of cocaine, before detaining the suspect and searching his car. *Id.* These verified facts included the suspect's physical description, the make and model of the vehicle, and the general location in which the officers could find the defendant. *Id.* at 617–18.

In this case, the evidence shows that Officer Belver received information from a "qualified" confidential informant. Officer Belver was familiar with the informant and had worked with the informant in past situations that resulted in arrests. The informant gave Officer Belver detailed information about Appellant and Appellant's recent whereabouts, including Appellant's recent possession of crack cocaine. In addition, the informant provided numerous verifiable details, such as Appellant's location, a physical description of Appellant and the other occupants of the vehicle, and the make and model of the vehicle. Other than Appellant's actual possession of crack cocaine, these details were, in fact, corroborated by Officer Belver before detaining the occupants of the vehicle and conducting the search.

Based on these facts, we conclude that Officer Belver had probable cause to believe that Appellant possessed crack cocaine, and the subsequent search of Appellant's person was lawful.  *See Whaley v. State*, 686 S.W.2d 950, 950–51 (Tex. Crim. App. 1985); *Collier v. State*, No. 11-07-00372-CR, 2009 WL 2213470, at *3 (Tex. App.—Eastland July 23, 2009, no pet.) (mem. op., not designated for publication); *Johnson v. State*, 32 S.W.3d 294, 298–99 (Tex. App.—San Antonio 2000, pet. ref'd).  Thus, the trial court did not abuse its discretion when it denied Appellant's motion to suppress.  We overrule Appellant's sole point of error.

IV.  *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


September 25, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.